## GEORGE BASS v. EZELL & CRASS.

Western Section.   October 29, 1927.

No petition for Certiorari was filed.

1. **Replevin.** Defendant admitting possession of property in a replevin suit waives improper description in the writ.

In an action of replevin where the defendant in his answer admitted having the property and denied detaining it from the plaintiff, held that he could not later defend on the ground that the writ did not properly describe the property.

2. **Replevin. Evidence.** Evidence held sufficient to show defendant had refused to surrender the property.

In the instant case the evidence set out held sufficient to show that the defendant had refused to deliver the property to the plaintiff.

2. **Replevin. Costs. Answer offering to surrender property does not re-
lieve defendant of costs in a replevin suit.**
   Where the action showed that the defendant had prior to the suit re-
fused to surrender the property, the fact that in his answer he offered to
surrender the property and denied having detained it from plaintiff, **held**
insufficient to relieve defendant of paying the costs of the suit.

Appeal from Law Court, Henry County; Hon. W. W. Bond,
Judge.

Affirmed.

George L. Fryer, of Paris, for appellant.

Rhodes & Lewis, of Paris, for appellee.

SENTER, J. This is an appeal from circuit court of Henry coun-
ty taxing the plaintiff in error with the costs in a replevin suit.
The replevin suit originated in a Justice of the Peace court in Henry
county, in which a heating stove had been sold by Ezell & Crass
to the defendant below, George Bass, under a conditional sale, and
in which title to the stove was retained in the seller. At the trial
of the case in the Justice of the Peace court, the defendant below filed
a plea by which he disclaimed the right to the possession of the prop-
erty. This plea was in the following language:

"Defendant for plea to the writ of replevin in this cause
says that he is not detaining and has not detained the property
sued for from the plaintiff. He is not now, nor has he denied
the plaintiff's right to the possession of same after demand made,
but offered to surrender same to the plaintiff and now offers to
surrender same to the plaintiff."

The above plea was sworn to. The Justice of the Peace, by his
judgment, awarded the possession of the stove to plaintiff below,
and taxed defendant below with the costs of the case. From the
judgment of the Justice of the Peace, adjudging the costs of the
suit against him, defendant below appealed to the circuit court of
Henry county. The case was there heard by the Circuit Judge with-
out a jury, on the merits of the case, witnesses having been intro-
duced by both parties. The trial judge affirmed the judgment of
the Justice of the Peace for costs and taxed the defendant below with
the costs of the cause. The defendant below has appealed from this
judgment to this court, and has assigned errors. There was a motion
for a new trial, which motion was overruled and disallowed. The
assignments of error are as follows:

"1.

"The court erred in overruling plaintiff's motion for a new trial.

"2.

"The court erred in finding in favor of the plaintiff and against
the defendant because there are no facts to support the findings of
the court."

Under these assignments of error it is first insisted that the replevin writ does not describe the property mentioned in the title note. It being contended that the replevin writ is for one "heating stove," and that the title note described the property as "one Hot Blast." In view of the specific disclaimer set up in the plea, wherein the defendant below admitted that plaintiff was entitled to the possession of the property replevied, but simply denying that he was unlawfully detaining the possession, it becomes immaterial as to whether there was a discrepancy in the description of the property in the writ and the description in the title note.

It is further insisted for appellant that there was no proof that the defendant below refused to surrender the property on demand, and denied that there was any evidence that any demand was made for the return of the property before the suit was brought. It being further insisted that the only demand made for the surrender of the possession of the property, was coupled with the demand that the defendant below sign a paper waiving advertising and resale of the property.

Mr. H. D. Eaker, secretary and treasurer of Ezell & Crass, testified on this subject as follows:

"Q. On December 26, 1925, did you sell Geo. Bass any kind of property? A. Yes, a heating stove.

"Q. At that time did he execute conditional sale contract to the stove? A. He did.

"Q. Mr. Eaker, did you make any effort to make defendant turn over this stove to you after he defaulted in payment? A. Yes.

"Q. Did he return it? A. No sir, and refused several times to give it up.

"Q. And, then did you replevin it after he refused to give it up? A. Yes, sir.

"Q. Mr. Eaker, did you go over to defendant's house yourself to get this stove? A. No, not personally, one of the men named Perkins went with a police officer to get it, but I saw Geo. Bass on the streets previously and demanded that he give the stove up and for him to sign the release."

There were no exceptions of any kind to the above evidence. The witness stated that Bass refused several times to turn over the stove.

Under this evidence it cannot be said that there was no evidence to support the judgment of the court.

It results that the assignments of error are overruled, and the judgment of the lower court is affirmed. Appellant will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.